UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on June 6, 2025

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **MONIQUA JEFFERSON,** | : | **VIOLATIONS:** |
| **VALENTINO HALL, AND** | : | |
| **DERRICK BOYD, JR.** | : | 18 U.S.C. § 933(a)(3) |
| | : | (Conspiracy to Commit Trafficking in |
| Defendants. | : | Firearms) |
| | : | |
| | : | **FORFEITURE:** |
| | : | 18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning in or about September 2022, and continuing through at least on or about September 12, 2024, within the District of Columbia and elsewhere, **MONIQUA JEFFERSON, VALENTINO HALL, DERRICK BOYD, JR.**, and co-conspirators not indicted herein, who are known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other to traffic firearms by agreeing (1) to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by that other person would constitute a felony and (2) to receive from

another person, in or otherwise affecting interstate or foreign commerce, firearms, knowing or having reasonable cause to believe that such receipt would constitute a felony.

### Goal of the Conspiracy

It was the goal of the conspiracy that **MONIQUA JEFFERSON** and **VALENTINO HALL** would reach agreements with individuals that were prohibited from purchasing or possessing firearms, such as **DERRICK BOYD, JR.**, that **MONIQUA JEFFERSON** and **VALENTINO HALL** would purchase firearms that were lawfully available from retail stores for the purpose of transferring them to those individuals who were prohibited by law from purchasing the firearms themselves.

### The Manner and Means Used to Achieve the Objectives of the Conspiracy

The manner and means by which this conspiracy was carried out included the following:

1. It was part of the conspiracy that **MONIQUA JEFFERSON** and **VALENTINO HALL**, who were lawfully able to purchase and possess firearms, would determine what firearms were available at retail stores in their area.

2. **MONIQUA JEFFERSON** and **VALENTINO HALL** would then solicit and determine whether individuals, including **DERRICK BOYD, JR.**, who had a prior conviction for a crime punishable by imprisonment for a term exceeding one year, and others who could not lawfully receive firearms, were interested in the firearms that were legally available for purchase.

3. **MONIQUA JEFFERSON** and **VALENTINO HALL** would arrange terms to purchase firearms at retail stores for the purpose of selling those firearms to individuals, including **DERRICK BOYD, JR.**, and others who could not lawfully receive firearms.

4. **MONIQUA JEFFERSON** and **VALENTINO HALL** would then purchase the firearms that they would otherwise have been lawfully permitted to purchase for themselves.

5. **MONIQUA JEFFERSON** and **VALENTINO HALL** would then sell or transfer the firearms to individuals, including **DERRICK BOYD, JR.**, and others who could not lawfully receive firearms.

## Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, and to affect the objects thereof, **MONIQUA JEFFERSON, VALENTINO HALL, DERRICK BOYD, JR.**, and co-conspirators not indicted herein, who are known and unknown to the Grand Jury, committed, or caused to be committed, the following overt acts in the District of Columbia and elsewhere, using the manner and means outlined above.

1. On or about May 31, 2024, and June 1, 2024, **VALENTINO HALL** communicated by text message with **CO-CONSPIRATOR 1** about **CO-CONSPIRATOR 1** sending money to **VALENTINO HALL**.

2. At the time, **CO-CONSPIRATOR 1** was a person prohibited by law from receiving, using, carrying, or possessing a firearm.

3. On or about June 2, 2024, **VALENTINO HALL** and **MONIQUA JEFFERSON** communicated by text message about the purchase of firearms.

4. On or about June 2, 2024, **VALENTINO HALL** and **MONIQUA JEFFERSON** entered a store in the Richmond, Virginia, area authorized by federal law to sell firearms. **VALENTINO HALL** left the store, and **MONIQUA JEFFERSON** purchased two firearms and stayed to complete necessary paperwork.

5. On or about June 2, 2024, **VALENTINO HALL** sent **MONIQUA JEFFERSON** money through Apple Cash.

6. On or about July 2, 2024, in the District of Columbia, **CO-CONSPIRATOR 1** was found in possession of a firearm purchased by **MONIQUA JEFFERSON** on June 2, 2024.

7. On or about June 6, 2024, **MONIQUA JEFFERSON** purchased another firearm at a retail store in the Richmond, Virginia, area. On or about June 23, 2024, that firearm was recovered from an individual who could not lawfully possess a firearm in the District of Columbia because he was under 21 years old.

8. On or about August 14, 2024, **DERRICK BOYD, JR.**, sent **VALENTINO HALL** a picture of a Ruger firearm listed on the website of a store in the Richmond, Virginia, area authorized by federal law to sell firearms, followed by the text message "This goin be the one."

9. On or about August 15, 2024, **VALENTINO HALL** responded by texting **DERRICK BOYD, JR.**, the phone number of **MONIQUA JEFFERSON**.

10. On or about August 15, 2024, **DERRICK BOYD, JR.**, sent text messages to **MONIQUA JEFFERSON** about the purchase of a Ruger firearm listed on the website. **DERRICK BOYD, JR.**, and **MONIQUA JEFFERSON** continued to message about arranging a deal on or about August 16, 2024 Metadata from photos **DERRICK BOYD, JR.**, sent to **MONIQUA JEFFERSON** shows that **DERRICK BOYD, JR.**, was in the District of Columbia while he was coordinating the transaction with **MONIQUA JEFFERSON**.

11. On or about August 16, 2024, **MONIQUA JEFFERSON** and **DERRICK BOYD, JR.**, both entered a store in the Richmond, Virginia, area authorized by federal law to sell firearms. They arrived in the same car, but **DERRICK BOYD, JR.** entered the store approximately thirty seconds after **MONIQUA JEFFERSON**. Shortly thereafter, **DERRICK BOYD, JR.**, left the store, while **MONIQUA JEFFERSON** stayed and purchased a firearm. **MONIQUA JEFFERSON** then left the store and entered a car in which **DERRICK BOYD, JR.**, was waiting.

12. On or about August 16, 2024, **MONIQUA JEFFERSON** and **VALENTINO HALL** messaged each other about charging individuals $100 to purchase firearms.

13. On or about August 16, 2024, **DERRICK BOYD, JR.**, sent an Apple Cash Payment to **MONIQUA JEFFERSON** in an amount approximately $103.01 more than the price of the firearm purchased by **MONIQUA JEFFERSON**.

14. On or about September 11, 2024, **MONIQUA JEFFERSON**, **VALENTINO HALL**, and **CO-CONSPIRATOR 2** entered a store in the Richmond, Virginia, area authorized by federal law to sell firearms and tried to purchase two firearms. Staff of the store informed **MONIQUA JEFFERSON**, **VALENTINO HALL**, and **CO-CONSPIRATOR 2** that they were unable to complete the transaction until the next day.

15. On or about September 12, 2024, **MONIQUA JEFFERSON** returned to the store and completed the transaction. At the time, **VALENTINO HALL** and **CO-CONSPIRATOR 2** waited in a car outside of the store. **VALENTINO HALL** and **MONIQUA JEFFERSON** exchanged multiple text messages about the transaction while **MONIQUA JEFFERSON** was in the store. **MONIQUA JEFFERSON** purchased two identical firearms.

16. On or about September 12, 2024, **VALENTINO HALL** sent an Apple Cash payment to **MONIQUA JEFFERSON** for approximately the price of the two firearms.

17. At the time, **CO-CONSPIRATOR 2** was a person prohibited by law from receiving, using, carrying, or possessing a firearm.

**(Conspiracy to Commit Trafficking in Firearms**, in violation of Title 18, United States Code, Section 933(a)(3))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)

and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to two semiautomatic Smith & Wesson SD9 firearms, and a Ruger LC9s.

    2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Jeanine Ferris Pirro
United States Attorney

*[signature: Gauri Gopal]*

By:    Gauri Gopal
Chief, Federal Major Crimes

A TRUE BILL:

FOREPERSON.